IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DALLAS SHACKLEFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:06-CV-271 |
| | ) |
| FIRST CENTURY BANK, | ) |
| f/k/a FIRST CLAIBORNE BANK, and | ) |
| ANN H. WOMER BENJAMIN, | ) |
| Ohio Insurance Liquidator, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Presently before the court is the motion to dismiss [doc. 10] filed by First Century Bank ("defendant").[1] Plaintiff, who made no appearance at the scheduling conference in this matter, has filed no response to the motion. *See* E.D. TN. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

Plaintiff filed his complaint on July 12, 2006. He seeks to recover certificates of deposit "in the amount of $31,450 plus any accruing interest" and "such other and further relief to which he may be entitled." According to the complaint, plaintiff is a resident of

---

[1] Defendant Ann H. Womer Benjamin has already been dismissed by stipulation of the plaintiff. [Docs. 2, 3].

Kentucky, defendant is a citizen of Tennessee, and this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

The court may dismiss a case for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . . It is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted).

The diversity of citizenship statute, § 1332(a), grants jurisdiction over suits between citizens of different states if the amount in controversy exceeds "$75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). The amount in controversy in this case, "exclusive of interest and costs," is only $31,450.00. Plaintiff's complaint plainly fails to meet § 1332(a)(1)'s jurisdictional requirement, and no other basis for jurisdiction has been alleged.

Defendant's motion will accordingly be granted, and this civil action will be dismissed. An order consistent with this opinion will be entered.

ENTER:

        s/ Leon Jordan
United States District Judge